IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON

EMMANUEL LAMONT THOMAS,     *
# 253113,     *
    *
    Petitioner,     *
    *
vs.     * CIVIL ACTION NO. 23-00086-TFM-B
    *
SHARON FOLKS,     *
    *
    Respondent.     *

**REPORT AND RECOMMENDATION**

This action is before the Court on review. Petitioner Emmanuel Lamond Thomas has petitioned this Court for federal habeas relief pursuant to 28 U.S.C § 2254[1]. (Doc. 8). For the reasons set forth herein, it is recommended that the instant habeas petition be **dismissed** without prejudice because it is frivolous as a matter of law; thus, it fails to present any cognizable habeas corpus claims.

**I.**     **Factual Background and Proceedings.**

Emanuel Lamont Thomas, who references himself as "K.A.A.I. Thomas El Bey", and is an inmate at the Loxley Community-Based Facility/Community Work Center, initiated this action by filing a handwritten petition pursuant to 28 U.S.C § 2254. (Doc. 1). Upon

---

[1] This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R).

1

review of Thomas' petition, the Court, in an order dated March 15, 2023, noted that the petition was not on the form required by this Court for habeas petitions, and was not accompanied by the required $5 filing fee or a motion to proceed without prepayment of the filing fee. (Doc. 3). Accordingly, Thomas was directed to refile his petition on the Court's required form, and to pay the filing fee or in lieu thereof, to file a motion to proceed without prepayment of the filing fee. (Id.). In response, Thomas filed a petition on the form required by the Court and paid the $5 filing fee. (Docs. 4, 5).

Upon review of Thomas' second petition, the Court, in an order dated May 16, 2023, observed that while Thomas utilized the correct habeas form, he neglected to fill it out accurately and completely. (Doc. 6). For example, Thomas failed to identify the court which entered the judgment of conviction that he seeks to challenge or indicate whether he appealed said conviction. (Id. at 1-2). Because essential information was omitted from Thomas' second petition, he was directed to file a new habeas petition on the Court's required form and to include all of the essential information requested on the form petition. (Id. at 2-3). In response, Thomas filed, a document titled "Affidavit of Truth", which was not on the required habeas form. (Doc. 7). On July 17, 2023, Thomas filed a new petition on the required habeas form, and

he refiled the habeas petition which he had initially filed on March 31, 2023, and which the Court had determined to be deficient. (Docs. 4, 6, 9).

As a preliminary matter, Thomas' document entitled "Affidavit of Truth" is stricken because it does not comply with the Court's most recent order which directed him to file a new petition on the Court's required form, and to provide key information regarding his conviction and steps taken in state court to appeal his conviction. (Doc. 6). Additionally, Thomas' refiled petition, which was docketed as "Document 9" is also stricken as the Court previously determined that petition to be deficient. (Docs. 4, 6). Accordingly, Thomas' petition, filed on July 17, 2023, and docketed as "Document 8" is now the operative pleading in this case.

In Document 8, Thomas avers that he is attacking his state court convictions for Robbery 1st degree, and Assault 2nd degree. (Doc. 8 at 1). While Thomas identifies the Circuit Court of Clark County as the Court in which he was convicted and indicates that he appealed his conviction to the "criminal Court of Appeals", he does not provide his date of conviction. (Id. at 1-2). He does however confirm that he did not file a petition for rehearing, a petition for certiorari, or a Rule 32 petition. (Id. at 1-3)

With respect to the grounds for relief, Thomas lists as his first ground that he is :

> "challenging Subject matter and Personnam(sic) jurisdiction" . . .Thomas El Bey is being held hostage and responsible for the acts or crime of said Emmanuel Thomas. Courts have no delegation of authority over MUUR. . .Subject matter and Personnam (sic) Jurisdiction can be challenged any time. Put Forth any evidence with Delegation of Authority over Muur!!

(Id. at 6).

In his second ground for relief, Thomas asserts:

> The complaint was unaccompanied by separate Affidavit. The warrant was invalidly issued and failed to meat (sic) the minimum Constitutional standards of Fourth Amendment….No state[,] Federal Judge or courts has jurisdiction over any Live-Man-In Flesh. My rights are reserved and restored under common law, and all business in the Strawman name is null and void. . .Subject matter and Personnam (sic) is clearly evident. Produce evidence and I will show you FRAUD!

(Id. at 7).

With respect to ground 3, Thomas asserts:

> The complaint Affidavit and Initial Apperance (sic) were not served. I am not a Petitioner or "Pro Se". . .I, KAAI Thomas El Bey am a Free National of the United Washitaw de Dugdahmoundyah Muur Empire, all Filers are recorded and in Public records and have been "lien"; No admiralty Court has Jursidiction (sic). Prove your are Article III courts.

(Id. at 8.).

For ground 4, Thomas asserts:

> The Jury, Grand Jury, were without power to evade these Fourth Amendment requirements. I, KAAI Thomas El Bey am a non-resident alien, not a UNITED STATTES CITIZEN of any Corporate Government!

4

(Id.).

The gist of Thomas' petition appears to be his assertion that he is being held hostage and is entitled to be released because he is not a citizen of the United States, but is instead a "Free National of the United Washitaw de Dugdahmoundyah Muur Empire"; thus, the United States and its Courts have no personal jurisdiction over him.

As an initial matter, the undersigned notes that it does not appear that Thomas has exhausted his claims in state court. Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). Accordingly, before presentation of his federal habeas claims to a federal court for review, a petitioner challenging a state court conviction must properly exhaust his state court remedies by "invoking one complete round of the State's established appellate review process" to provide "the state courts a full and fair opportunity to resolve federal constitutional claims." Id. at 845, 848.

In Alabama, one complete round of the appellate review process includes presentation of the petitioner's federal habeas claims to the Alabama Court of Criminal Appeals and the Alabama Supreme Court. See Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003) (finding "no error in the district court's conclusion that [the petitioner] failed to exhaust his state remedies by not petitioning the Alabama Supreme Court for discretionary review of the denial of his state habeas petition"). Therefore, to properly exhaust a federal habeas claim challenging a conviction and/or sentence issued by an Alabama state court, a petitioner must present the claim to the state trial court, to the Alabama Court of Criminal Appeals through an appeal, and to the Alabama Supreme Court through a petition for discretionary review. See id.; Smith v. Jones, 256 F.3d 1135, 1140-41 (11th Cir. 2001); ALA. R. APP. P. 39, 40. A petitioner may properly exhaust his federal habeas claim in Alabama state courts either by a presentation of the claim through a direct appeal of the conviction/sentence or through a state post-conviction motion, typically a Rule 32 petition, and appeal therefrom. See Pruitt, 348 F.3d at 1359; Smith, 256 F.3d at 1140-41. A habeas petitioner satisfies the exhaustion requirement by fairly presenting his claim in each appropriate state court. Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. ed 2d 64 (2004).

Thomas' operative petition reflects that he did not file a petition for certiorari with the Alabama Supreme Court, or a Rule 32 petition with the trial court; thus, he has not exhausted his claims. It is not clear however, from the record before the Court, whether any future attempts by Thomas to exhaust him claims in state court would be futile because he did not provide the date of his conviction or the denial of his appeal by the Alabama Court of Criminal Appeals in his petition. However, the Court need not make that determination because Thomas' petition is without merit.

A district court has the discretion to deny on the merits a habeas corpus petition containing unexhausted claims. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be decided on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). And, in this case, the undersigned finds that it will best serve the interest of judicial economy to exercise its discretion and decide Thomas' petition on the merits, as the claims raised therein are frivolous.

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to "promptly examine" habeas corpus petitions and to order summary dismissal of a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Brown v. Georgia,

7

2007 U.S. Dist. LEXIS 94043, *1, 2007 WL 4564157, *1 (N.D. Ga. Dec. 24, 2007). "Federal district courts are mandated by Rule 4 to prescreen and dismiss a frivolous habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face."" Id. (quoting McFarland v. Scott, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.ED. 2d 666 (1994). This preliminary review calls on a district court to perform a screening function, ordering summary dismissal where a petition makes no meritorious claim to relief. See Rules Governing § 2254 Cases, R. 4 advisory committee notes ("[I]t is the duty of the court to screen out frivolous applications."). The procedure serves to "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Id.; see also Paez v. Sec'y, Fla. Dep't of Corr., 947 F. 3d 649, 653 (11th Cir. 2020). (district court did not err in summarily dismissing habeas petition as time barred where petitioner afforded notice and an opportunity to object to court's finding); Bundy v. Wainwright, 808 F.2d 1410, 1414-15 (11th Cir. 1987)("If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.").

As noted *supra,* the premise of Thomas' petition[2] is his assertion that he is being held hostage and is entitled to be released because he is not a citizen of the United States, but is instead a "Free National of the United Washitaw de Dugdahmoundyah Muur Empire"; thus, the United States and its Courts have no personal jurisdiction over him. Thomas' purported status as a "Free National of the United Washitaw de Dugdahmoundyah Muur Empire" does not place him beyond the reach of federal or state law. See, e.g., United States v. Toader, 409 F. App'x 9, 13 (7th Cir. 2010) (rejecting as frivolous arguments "that the federal courts lack subject matter jurisdiction over [the defendant] and that the laws he is charged with violating are inapplicable to him because he is a Native Asiatic Moorish National Citizen"); Hampton v. City of Durham, 2010 U.S. Dist. LEXIS 100255, 2010 WL 3785538, at *6-8 (M.D.N.C. Sept. 22, 2010) ("Any claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are [by definition] frivolous."); El—Bey v. United States, 2009 U.S. Dist. LEXIS 33838, 2009 WL 1019999, at 1 (M.D.N.C. Jan. 26, 2009) (rejecting a claim of Moorish nation sovereignty as an "attempt to benefit from the protections of

---

[2] Thomas also included with his petition a 39-page document titled "Affidavit of Truth". (Doc. 8-1). Like Thomas' petition, the Affidavit asserts more of the same allegations regarding Petitioner's purported status as a "Free National of the United Washitaw de Dugdahmoundyah Muur Empire".

federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws"); Great Seal Nat'l Ass'n of Moorish Affairs v. 46th Dist. Ct. of Oakland County, 2007 U.S. Dist. LEXIS 3199, 2007 WL 169850, at *2 (E.D. Mich. Jan.17, 2007) (dismissing claim that plaintiffs owned several parcels of property by virtue of their Moorish ancestry as "baseless, fantastic and delusional" and finding the complaint to be "indecipherable").

Thomas' operative petition as well as his prior petitions and various affidavits are all premised on his assertion that he is entitled to habeas relief because he is not a citizen of the United States, but is instead a "Free National of the United Washitaw de Dugdahmoundyah Muur Empire". This assertion is plainly frivolous and provides no basis for habeas relief as it is not rooted in reality.

**III. Certificate of Appealability.**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a)("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition

10

only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where a habeas petitioner's petition denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). The instant petition is unquestionably a frivolous pleading such that a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition, without prejudice, as frivolous or that Thomas should be allowed to proceed further.

Rule 11(a) of the Rules Governing § 2254 Cases further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by Petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. See Jones v. Mack, 2020 U.S. Dist. LEXIS 204863,

11

*18, 2019 WL 1104998, *2 (S.D. Ala. Jan. 25, 2019), <u>report and recommendation adopted</u>, 2019 U.S. Dist. LEXIS 37259, 2019 WL 1102217 (S.D. Ala. Mar. 8, 2019).

**IV. Conclusion.**

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Thomas' petition for habeas corpus relief be denied, that this action be **dismissed without prejudice** as frivolous, and that judgment be entered in favor of the Respondent and against the Petitioner, Emmanuel Lamont Thomas. It is further recommended that any motion for a Certificate of appealability or for permission to proceed in forma pauperis be denied.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the

right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **21st** day of **July, 2023.**

                                    **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**